UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

RICHEKAD JEAN,

          Petitioner,               Case No. 1:21-cv-431

v.                                        Honorable Paul L. Maloney

TRACY JOHNS,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. At the time he filed his petition, Petitioner was incarcerated with the Federal Bureau of Prisons (BOP) at the North Lake Correctional Facility in Baldwin, Michigan. Petitioner challenges the results of a disciplinary proceeding that resulted in the loss of good time. In the initial pleadings Petitioner filed in the United States District Court for the Southern District of Georgia, Petitioner misjoined those claims to a similar challenge to a different disciplinary proceeding and to *Bivens*-type claims against persons who had wronged him at a prior placement in Georgia. The Georgia court transferred the petition(s)/complaint to this Court.

        By order entered May 24, 2021, the Court severed the claims relating to an April 2019 disciplinary proceeding from the other claims. (ECF No. 8.) And, by order entered May 28, 2021, the Court directed Petitioner to file an amended petition addressing only his claims related to the April 2019 offense. (ECF No. 10.) Petitioner filed his amended petition on June 4, 2021. (ECF No. 11.) The amended petition claimed that the discipline violated BOP regulations because the disciplinary hearing officer (DHO) was not an employee of the BOP. (Am. Pet., ECF No. 11,

PageID.92–93.) Petitioner also represented that he exhausted his administrative remedies by filing an appeal with the BOP in Washington D.C. on May 13, 2019. (*Id*., PageID.88.) He never received a response. (*Id*.) Petitioner alleged that he filed a second appeal. (*Id*., PageID.89.) He claims he never received a response to that appeal either. (*Id*.)

The Court directed Respondent to file an answer. Respondent filed an answer on August 16, 2021. The answer indicates that Petitioner did not pursue his administrative remedies at all—the BOP has no record of any appeal of the April 2019 disciplinary proceeding at issue here—and, additionally, that Petitioner's challenges to the disciplinary decision have no merit.

Before Respondent filed an answer, on August 8, 2021, Petitioner was released from BOP custody to the custody of Immigration and Customs Enforcement (ICE). Petitioner is presently housed at the Monroe County Jail pending deportation proceedings.

Petitioner is no longer in BOP custody at North Lake; thus, his request for relief that sought to accelerate his release from incarceration by restoring "good time" has been mooted to some extent. Nonetheless, Petitioner continues to endure some restrictions as the result of his sentence because he is on supervised release for 5 years. To the extent an adjustment to good time might impact the start and end dates of that supervised release, his petition is not moot.

The Court permitted Petitioner to submit a reply to Respondent's answer. On August 30, 2021, Petitioner filed an "Objection" to Respondent's answer. The objection echoes Petitioner's statements from his amended petition that he appealed the BOP's disciplinary determination. He states he filed a timely appeal. (Pet'r's Obj., ECF No. 16, PageID.162.) He does not say when he filed. He does not provide copies of his appeal paperwork. He claims the BOP obviously lost his appeal and he no longer has access to his paperwork. (*Id*., PageID.162–163.)

Upon review of the amended petition, the answer, and Petitioner's "Objection," the undersigned concludes that Petitioner's claim that he exhausted his administrative remedies is not credible. I further conclude that Petitioner no longer has an administrative remedy available; therefore, he has procedurally defaulted his claims. Petitioner does not provide any cause for his failure to appeal the disciplinary proceeding result. Accordingly, I recommend that the Court dismiss the petition with prejudice because review of Petitioner's claims is barred by the doctrine of procedural default.

## Discussion

### I.     Factual allegations

On April 15, 2019, while Petitioner was incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, he allegedly improperly used his telephone account to facilitate a three-way telephone call for the benefit of another prisoner. The improper call was discovered by Investigative Lieutenant K. Henderson on April 16, 2019, as the lieutenant monitored recorded security images. Henderson described the incident as follows:

> On 4/15/2019 at approximately 10:33 p.m., inmate Jean, Richekad #15776-104 . . . walked to the bunk area to phone station 4. Approximately 2 minutes later, inmate _____ . . . walked from the bunk area and sat next to Jean. Jean passed the phone to _____ and walked away. _____ continued on the phone call for approximately 5 minutes. I listened to recorded phone calls through the Global Tel Link (GTL) system. I reviewed Jean's call . . . . Jean said, "Hey do something for me real quick." The [person called] (identified . . . as . . . Jean's cousin) said, "What you say?" to which Jean said, "Call this number for me real quick." [The cousin] said, "Okay I'm ready" and Jean gave the phone number . . . [for the other prisoner's] wife. The phone goes quiet on [the cousin's] side of the call then [the cousin] said, "No answer." Jean said, "Alright try it 1 more time." [The cousin's] side of the call goes quiet again until a female voice came on the phone and said, "Hello?" A different inmate's voice . . . came on the phone and talked for approximately 5 minutes. By Jean allowing [the other inmate] to use his (Jean['s]) phone account . . . Jean [is] abusing the telephone system, [for] other than criminal activity which circumvent[s] the ability of staff to monitor frequency of telephone use, content of the call, or the number being called.

3

(Incident Report, ECF No. 14-1, PageID.119.)  The Incident Report was delivered to Petitioner on April 16.

On April 17, 2019, the Incident Report was reviewed by the Unit Discipline Committee. (*Id.*)  Under the BOP Inmate Discipline Program, the Unit Discipline Committee (UDC) reviews the incident report once the staff investigation of the report is complete.  28 C.F.R. § 541.7.  The inmate is permitted to appear before the UDC during the review.  The UDC can decide whether the inmate committed or did not commit the act; and, based on the seriousness of the charged offense, may refer the incident report to the Discipline Hearing Officer (DHO) for further review.  For Greatest or High Severity offenses, the UDC automatically refers the incident report to the DHO.  Petitioner's charged offense was a "High Severity Level" offense, 28 C.F.R. 541.3, so the UDC referral to the DHO was automatic.  Moreover, the UDC is not permitted to impose the entire range of sanctions; for example, the UDC may not order the loss of good conduct sentence credit, a sanction which is available for the offense charged.  28 C.F.R. § 541.3.  The UDC reported that Petitioner acknowledged his guilt and referred the charge to the Discipline Hearing Officer (DHO) for further hearing.

On April 22, 2019, DHO Roger Perry conducted a hearing.  Petitioner again admitted he helped the other inmate call his wife using a three-way call.  The DHO concluded the act was committed as charged and tentatively imposed sanctions including the disallowance of good conduct time and the forfeiture of non-vested good conduct time.  (DHO Report, ECF No. 14-1, PageID.55–58.)  The sanctions were "tentative" because they were subject to review and certification by a Bureau of Prisons staff member.  The DHO was employed by GEO Group, the private corporation that operates D. Ray James and North Lake under contract with the BOP.

4

DHO Perry forwarded his report to the BOP for review. Mr. Gerald Johnson reviewed the disciplinary packet. On May 5, 2019, Mr. Johnson certified the result; he found the hearing, determination, and sanctions to be appropriate. (Email Exchange, ECF No. 14-1, PageID.149.)

Although Petitioner states in a conclusory fashion that he appealed the decision, he provides no documentation to support his claim. Respondent states affirmatively that there is no record of any appeal for this incident report. (Decl. of Justin Garner, ECF No. 14-2, PageID.151–153.)

The amended petition raises one claim:

I. The DHO is not a staff member of the BOP and must be a staff member of the BOP to impose sanctions. Please see 28 C.F.R. 500.1(b)(1) and 28 C.F.R. 541.1. Therefore my due process right was violated.

(Am. Pet., ECF No. 11, PageID.92.)

## II.    Exhaustion and procedural default

Federal prisoners must exhaust their administrative remedies before they may file a § 2241 petition. *Fazzini v. Ne Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The inmate discipline part of the BOP regulations provides for appeal of the DHO's actions through the Administrative Remedy Program. 28 C.F.R. § 541.8(i). The Administrative Remedy Program is described in 28 C.F.R. § 542.10 *et seq.* For appeals of DHO actions, the program sets out two steps: first, the inmate must submit a written Administrative Remedy Appeal on the appropriate form to the Regional Director, 28 C.F.R. 542.14; and if the inmate does not succeed at that level, the inmate must file a Central Office Appeal to the Office of General Counsel.

According to Respondent, Petitioner did not take either appeal; according to Petitioner, he took both. The Respondent has produced as much evidence as would be available to prove a negative: there is no institutional record of Petitioner taking any steps to appeal the

disciplinary proceeding result. The institutional record is not silent with regard to Petitioner appealing other disciplinary proceeding results—only this one. *See Jean v. Johns*, No. 1:21-cv-341 (W.D. Mich.) (Administrative Remedy Generalized Retrieval Report, ECF No. 14-2, PageID.86–89.) The failure to appeal also makes some sense given Petitioner's admission of his guilt to this charge.

If Petitioner did not pursue his administrative remedies, he can no longer do so. The times for pursuing those appeals have long passed. 28 C.F.R. § 542.18. If no remedy remains, Petitioner has procedurally defaulted his claims. *Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001). Unless Petitioner could show cause for the default and resulting prejudice, review of his claims would be barred. *Id*. Petitioner has not shown cause for his failure to file the appeals because he contends that he actually filed the appeals.

Petitioner claims he filed his appeal to the Regional Director on May 13, 2019, and his appeal to the Central Office on December 20, 2019. It is noteworthy that those dates correspond to dates of significance. May 13, 2019, is the date that DHO Perry delivered his report to Petitioner following BOP certification. (DHO Report, ECF No. 1-1, PageID.21.) December 20, 2019, is approximately the date Petitioner filed his second Central Office appeal for another disciplinary proceeding. *See Jean v. Johns*, No. 1:21-cv-341 (W.D. Mich.) (Administrative remedy Generalized Retrieval Report, ECF No. 14-2, PageID.87–88.) Petitioner's ability to recount those dates with precision two years after-the-fact is also noteworthy in light of the fact that he is unable to provide any of the appeal documents.

Based on the facts presented, the undersigned finds credible Respondent's statement that Petitioner did not file an appeal of the disciplinary proceeding at issue in his petition; I find Petitioner's representation to the contrary to be not credible. Because Petitioner offers no

cause for his failure to appeal, his claims are procedurally defaulted, habeas review is barred, and his petition is properly denied with prejudice.

Although I find that Petitioner did not file his appeals, the result would not likely be different if he had filed his appeals. If Petitioner did not file his Central Office appeal until December 20, 2019, the appeal would have been late and would have been rejected as tardy. The time for filing the Central Office Appeal is 30 calendar days after the Regional Director signs the response to the first appeal. In this instance, however, Petitioner reports that the Regional Director never responded to his grievance. If the inmate does not receive a response within the time allotted for a reply at any level, the absence of a response is properly considered to be a denial. 28 C.F.R. § 542.18. The time for the Regional Director to reply is 30 days which can be extended for another 30 days. The Regional Director's response was due, at the latest, on July 18, 2019. The time for filing his Central Office appeal, therefore, expired 30 days later, on August 17, 2019. According to Petitioner, he filed four months later. That, too, would result in a procedural default and Petitioner offers no cause for the failure to timely file.

The habeas corpus statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Therefore, the Court need not make such a determination.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied.

Dated:    September 13, 2021                         /s/ Ray Kent
                                                                         Ray Kent
                                                                        United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).